# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2626

_____

United States of America

*Plaintiff - Appellee*

v.

Servando V. Urias

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: April 12, 2024
Filed: June 13, 2024
[Unpublished]

_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

A jury convicted Servando Urias of conspiracy to distribute and possess with intent to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(B), and 846.[1] The district court[2] sentenced him to a term of imprisonment of 90 months to be followed by four years of supervised release. Urias appeals, claiming the evidence deduced at trial is insufficient to sustain his conviction. We affirm.

On August 28, 2019, Lancaster County, Nebraska Deputy Jason Mayo began following a black Jeep with California plates closely tailing on I-80 a Dodge rental pickup with Arizona plates. Another officer, Lancaster Deputy Jason Henkel, stopped the Jeep for speeding. After the Dodge pickup drove on the shoulder of the off ramp while exiting the interstate, Deputy Mayo conducted a traffic stop. The driver told Deputy Mayo her name was Veronica Sandoval and that she was traveling with the passengers in the Jeep to visit a relative. Sandoval consented to a search of the Dodge pickup, which yielded three kilograms of cocaine and one kilogram of heroin. No luggage was in the vehicle. Sandoval also consented to a search of her phone, which showed text messages from Preciliano Lopez, the owner of the Jeep.

In the Jeep, Alejandro Valencia was identified as the driver, Urias was the front passenger, and Lopez was seated in the back seat. Valencia told Deputy Henkel that they were traveling to Nashville, Tennessee, for a construction job. Deputy Henkel obtained Lopez's consent to search the vehicle. Five cell phones were recovered, but no work clothes or boots.

Urias, Valencia, Lopez, and Sandoval were charged with conspiracy to distribute and possess with intent to distribute cocaine and heroin. An initial trial resulted in a mistrial when the jury deadlocked. At the second trial, Urias was convicted.

---

[1]He pled guilty to a charge of illegal reentry by a previously deported alien in violation of 8 U.S.C. § 1326 and was sentenced to a concurrent 12-month term of imprisonment on this count. This conviction is not on appeal.

[2]The Honorable John M. Gerrard, United States District Court for the District of Nebraska.

We review the sufficiency of the evidence *de novo*, viewing it in the light most favorable to the verdict. United States v. Loomis, 954 F.3d 1184, 1189 (8th Cir. 2020). We will uphold the verdict if any reasonable juror could have found the defendant guilty beyond a reasonable doubt. Id.

To convict Urias, the government was required to prove beyond a reasonable doubt that (1) there was an agreement to distribute drugs; (2) Urias knew of the conspiracy; and (3) he intentionally joined the conspiracy. See United States v. Moore, 71 F.4th 678, 688-89 (8th Cir. 2023). A defendant's agreement to join the conspiracy may be inferred from the facts of the case. United States v. Myers, 965 F.3d 933, 937 (8th Cir. 2020).

We have previously held that a defendant may be convicted on evidence that consists primarily of the testimony of co-conspirators. United States v. Conway, 754 F.3d 580, 587 (8th Cir. 2014). Here, the co-conspirators each testified that the purpose of the trip was to transport drugs by vehicle from California out of state, satisfying the first element. At trial, Lopez testified that three or four weeks before the trip, he informed Urias he was planning to go to Kentucky to sell drugs. Hearing this, Urias expressed an interest in selling a kilogram of heroin. Lopez agreed to investigate potential purchasers, and Urias agreed to accompany Lopez on the trip to secure his payment. According to Lopez, on the day of the trip, he received a kilogram of heroin from Urias and placed it in the Dodge truck. Sandoval drove the truck while Urias rode in the Jeep with Lopez and Valencia. Viewed in a light most favorable to the verdict, this testimony is sufficient to uphold Urias's conviction. Id. at 587-88 (finding the defendant's presence in the same vehicle while on a trip furthering the conspiracy demonstrates cooperation and agreement).

Urias contends that inconsistencies in the co-conspirators' testimony about the inception of the trip and the payments they were to receive for participation weaken any claim that he was involved in the conspiracy. But none of the co-conspirators' testimony pointed to by Urias refuted Lopez's testimony regarding the existence of the conspiracy and Urias's knowledge and involvement. While Urias

contends that no physical or forensic evidence corroborated Lopez's testimony, the record contained evidence of the quantities of heroin and cocaine seized during the traffic stop.

We affirm the judgment of the district court.

_____